UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL A. BUTTOLPH,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:12-509-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 15, 16.) Attorney Dana C. Madsen represents plaintiff; Special Assistant United States Attorney L. Jamala Edwards represents defendant. After reviewing the administrative record and briefs filed by the parties, the court GRANTS defendant's Motion for Summary Judgment and DENIES plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff Michael A. Buttolph (plaintiff) protectively filed for supplemental security income (SSI) and disability insurance benefits (DIB) on July 13, 2010. (Tr. 121, 145.) Plaintiff alleged an onset date of May 1, 2001. (Tr. 121, 144.) Benefits were denied initially and on reconsideration. (Tr. 63, 67, 75, 80.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Marie Palachuk on August 23, 2011. (Tr. 41-58.) Plaintiff was represented by council and testified at the hearing. (Tr. 46-54.) Medical expert Margaret Moore, Ph.D. and vocational expert Sharon Welter also testified. (Tr. 43-45, 55-58.) The ALJ denied benefits (Tr. 20-28) and the Appeals Council denied review. (Tr. 1.) The matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 33 years old at the time of the hearing. (Tr. 46.) He went to school through the eleventh grade. (Tr. 46.) He has work experience as a cook, dishwasher, roofer, and metal grinder. (Tr. 47-48.) He testified he stopped working due to a mental breakdown. (Tr. 49.) He has felt very depressed. (Tr. 50.) He does not sleep well. (Tr. 51.) He testified he cannot work because he is so depressed he cannot think to focus on a job. (Tr. 53.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. Richardson, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Serv.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the

administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her

previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff engaged in substantial gainful from May 1, 2001, the alleged onset date, through March 1, 2010. (Tr. 22.) However, the ALJ also found there has been a continuous 12-month period during which plaintiff did not engage in substantial gainful activity. (Tr. 23.) At step two, the ALJ found plaintiff has the following severe impairment: dysthymia. (Tr. 23.) At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 23.) The ALJ then determined:

> [C]laimant has the residual functional capacity to perform a full range of work at all exertional levels. From a mental standpoint, the claimant is able to understand, remember, and carry[]out simple routine, repetitive instructions/tasks due to his limited education. The claimant is also limited to only occasional interaction with the public or coworkers due to the claimant not always maintaining appropriate behavior.

(Tr. 24). At step four, the ALJ found plaintiff is capable of performing past relevant work. (Tr. 28.) Thus, the ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act from May 1, 2001 through the date of the decision. (Tr. 28.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ did not properly consider the psychological opinion evidence. (ECF No. 15 at 6-9.) Defendant argues the ALJ: (1) properly evaluated and gave proper weight to the medical evidence; and (2) made proper RFC and step four findings. (ECF No. 16 at 4-12.)

**DISCUSSION**

Plaintiff argues the ALJ did not properly consider or reject the opinion of Dr. Brown, an examining psychologist. (ECF No. 15 at 6.) Dr. Brown examined plaintiff and completed a DSHS Psychological/Psychiatric Evaluation form on August 1, 2010. (Tr. 186-93.) Dr. Brown diagnosed dysthymia and posttraumatic stress disorder and assessed moderate limitations regarding the ability to relate appropriately to co-workers and supervisors and the ability to maintain appropriate behavior in a work setting. (Tr. 190.) The ALJ gave little weight to Dr. Brown's opinion. (Tr. 27.)

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

If a treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, if contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons

that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

The ALJ gave several reasons for rejecting Dr. Brown's opinion. (Tr. 27.) First, the ALJ rejected Dr. Brown's opinion because it is largely based on plaintiff's self-report. (Tr. 27.) A physician's opinion may be rejected if it is based on a claimant's subjective complaints which were properly discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Morgan v. Comm'r*, 169 F.3d 595 (9th Cir. 1999); *Fair*, 885 F.2d at 604. The ALJ made a negative credibility finding based on clear and convincing reasons supported by substantial evidence which is not challenged by plaintiff.[1] Thus, the ALJ reasonably rejected Dr. Brown's report to the extent it is based on plaintiff's own statements. Plaintiff argues Dr. Brown's opinion is not based solely on plaintiff's self-report and cites the results of the Mini-Mental Status Exam, Trails A&B, and the PAI appended to Dr. Brown's opinion. (ECF No. 15 at 7, Tr. 193.) However, plaintiff made no errors on the Mini-Mental Status Exam and the results were in the normal range. The medical expert, Dr. Moore, also pointed out the mental status exam reflects no limitations. (Tr. 26, 45.) Similarly, the Trails A&B results were in the normal range. (Tr. 193.) Plaintiff notes the Rey test of malingering showed plaintiff was not feigning memory loss (ECF No. 15 at 7, Tr. 193), yet limitations due to memory loss are not mentioned in Dr. Brown's findings. Dr. Brown's narrative regarding the PAI results state the results are "valid and consistent with his history and clinical interview" and indicates the scores are reflected in the social ratings of the DSHS form. (Tr. 193.) However, Dr. Brown did not cite the PAI as supporting the limitations assessed on the DSHS form or otherwise explain or interpret the

---

[1] If the ALJ finds that the claimant's testimony as to the severity of pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ pointed out plaintiff's reported activities and the objective medical evidence are inconsistent with plaintiff's allegations and cited specific examples of evidence supporting these reasons. (Tr. 25-26.) The reasons cited by the ALJ clear and convincing reasons justifying the negative credibility finding which are supported by substantial evidence. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); 20 C.F.R. § 416.929(c)(2).

results. (Tr. 190.) This reasonably suggests Dr. Brown largely relied on plaintiff's own statements in diagnosing and assessing plaintiff's complaints and the ALJ did not err.

Second, the ALJ pointed out Dr. Brown's report is based on one exam conducted for the purpose of determining eligibility for welfare assistance. (Tr. 27.) The ALJ observed plaintiff had motivation to overstate his symptoms and complaints and that Dr. Brown is not a treating provider. (Tr. 27.) The purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996). Further, by definition, an examining physician or psychologist sees a patient one time, yet ALJs are directed to consider the opinions of examining sources. 20 C.F.R. § 404.1527. As a result, it is not appropriate to disregard a source because the findings are based on one exam. The ALJ's second reason for rejecting Dr. Brown's report is not a legitimate reason for rejecting the opinion; therefore the ALJ erred. However, because the ALJ cited other specific, legitimate reasons supported by substantial evidence which justify rejecting Dr. Brown's report, the error is harmless. *See e.g., Morgan*, 169 F.3d at 601-02.

The third reason mentioned by the ALJ in rejecting Dr. Brown's opinion is the report is made on a check-box form with few objective findings supporting the degree of limitation assessed. (Tr. 27.) An ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Further, opinions on a check-box form or form reports which do not contain significant explanation of the basis for the conclusions may accorded little or no weight. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Johnson v. Chater*, 87 F.3d 1015, 1018 (9th Cir. 1996). The ALJ pointed out the opinion contains few objective findings supporting the degree of limitation alleged. (Tr. 27.) As noted *supra*, the mental status exam and other test results were essentially normal and do not support significant limitations. (Tr. 26, 193.) Further, the ALJ cited Dr. Moore's testimony that there is "very little basis" in Dr. Brown's opinion supporting the diagnosis of PTSD. (Tr. 27, 45.) The ALJ reasonably concluded Dr. Brown's opinion on a check-box form is not well-supported by the record or objective findings.[2] This is a specific, legitimate reason for rejecting Dr. Brown's opinion.

---

[2] It is also noted that Dr. Brown actually opined plaintiff could work. (Tr. 190.) Although the ALJ gave weight to the opinions of Drs. Moore, Flanagan and Beaty, the ALJ assessed a

The ALJ provided specific, legitimate reasons supported by substantial evidence which justify rejecting Dr. Brown's opinion. Thus, the ALJ did not err.

Plaintiff also argues the ALJ erred in relying on the opinions of non-treating, non-examining psychologists, including the psychological expert, Dr. Moore, and the opinions of reviewing psychologists Dr. Flanagan and Dr. Beaty. (ECF No. 17 at 6-7.) Dr. Flanagan reviewed the record and concluded plaintiff is able to understand, remember and carry out multistep tasks but that concentration, persistence and pace would occasionally be impaired secondary to plaintiff's symptoms. (Tr. 197.) Dr. Flanagan also found plaintiff has no significant social functioning limitation nor any significant adaptive limitations. (Tr. 197.) Dr. Beaty reviewed the evidence and affirmed Dr. Flanagan's findings. (Tr. 213.) Dr. Moore reviewed the record and observed Dr. Brown's opinion is the only record based on a face-to-face exam. (Tr. 44.) Dr. Moore opined there is very little basis for Dr. Brown's finding of PTSD although the diagnosis of dysthymia may be understandable in light of situational factors. (Tr. 44-45.) However, Dr. Moore opined that based on the mental status exam results and the very little record available, there are no severe limitations. (Tr. 45.)

As noted by plaintiff, specific, legitimate reasons are required to reject the opinion of an examining provider in favor of the opinion of a non-examining advisor. (ECF No. 15 at 8, *citing Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996)). When the opinion of a non-examining psychologist is consistent with other evidence, it may be entitled to greater weight than the opinion of an examining psychologist. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). In this case, there was no evidence before the ALJ[3] by any treating or examining provider other

---

limitation of occasional interaction with the public or coworkers due to the claimant not always maintaining appropriate behavior. (Tr. 24, 56-57.) These limitations are similar to the limitations assessed by Dr. Brown on the DSHS form. (Tr. 190.) The vocational expert testified a person with those limitations could work, which is also consistent with Dr. Brown's conclusion that plaintiff could work. (Tr. 56-57, 190.) However, when asked by plaintiff's counsel to define the moderate limitations using the definition of "moderate" found on the form, "significant interference with basic work-related activities," the vocational expert testified a person with those limitations cannot work. (Tr. 57, 189.) This is inconsistent with Dr. Brown's opinion that plaintiff could work and demonstrates how check-box forms may limit the nuances of an opinion.

[3] The record before the ALJ included the opinions of Dr. Brown, Dr. Flanagan and Dr. Beaty. There were no treatment records, exam notes or any other medical or psychological evidence in the record at the time of the ALJ's decision. Six medical records from Native Health Spokane were submitted to the Appeals Council and are part of the record before the court. *See Harman v.*

than Dr. Brown. However, the ALJ cited specific, legitimate reasons supported by the record which reasonably undermine Dr. Brown's conclusions. Furthermore, the ALJ pointed out evidence consistent with the findings of Dr. Moore which also support the ALJ's conclusions. (Tr. 26-27.) The ALJ also gave plaintiff the benefit of the doubt and assessed some mental health limitations consistent with Dr. Brown's conclusion that plaintiff could work. (Tr. 24.) As a result, the ALJ properly weighed and considered the psychological opinion evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.

**IT IS ORDERED:**

1.  Defendant's Motion for Summary Judgment **(ECF No. 16)** is **GRANTED.**

2.  Plaintiff's Motion for Summary Judgment **(ECF No. 15)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED February 5, 2013

s/Fred Van Sickle
FRED VAN SICKLE
SENIOR UNITED STATES DISTRICT JUDGE

---

*Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000)*; Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); (Tr. 5, 217-33.) None of the records submitted to the Appeals Council affect the ALJ's findings as they do not relate to the period covered by the ALJ's decision.